ORDERED.

Dated:  October 28, 2016

_____
Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                                                    Case No.: 6:15-bk-10774
                                                                                                Chapter 7
MARIA STEVENSON
MARLIN STEVENSON
Debtor.
_____/

**ORDER GRANTING MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS, ENCUMBRANCES AND INTERESTS WITH CONSENT OF LIENHOLDER(S)**
(6515 Yucatan Dr., Orlando, FL 32807))

THIS CASE came on for hearing on October 20, 2016 to consider Chapter 7 Trustee, Arvind Mahendru's ("Trustee") Section 363(f)(2) Motion to Sell Free and Clear of Liens, Encumbrances and Interests with Consent of Lienholder  (the "Motion") (Doc. #40). The Court having reviewed the Motion, the proffers of counsel, and for the reasons stated orally and recorded in open court, which will constitute the findings of this Court, finds it appropriate to grant the Motion. Accordingly, it is:

**ORDERED** and **ADJUDGED** as follows:

1. The notice of the Motion and the hearing thereon is approved as proper and adequate under the circumstances.

2. The Motion is GRANTED and the sale to Sky Equities Trustee, LLC, a Florida Limited Liability Company, as Trustee of the 6515 Yucatan Drive Land Trust Dated October 21, 2016 ("Buyer") is approved as the highest and best offer.

3. The Trustee is authorized to sell the real property located at:

    LOT 3, BLOCK A, AZALEA PARK, SECTION FOURTEEN, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK T, PAGE 125, PUBLIC RECORDS OF ORANGE COUNTY, FLORIDA, (the "Property").

    to Buyer(s) for the purchase price of $109,600.00 subject to the full satisfaction of the lien of Select Portfolio Servicing Inc., as servicer for The Bank of New York Mellon.

4. The Trustee is authorized to pay the following undisputed liens or claims at closing of the sale: Select Portfolio Servicing Inc., as servicer for The Bank of New York Mellon (home mortgage) in the amount of $93,528.78 plus any per diem costs if the closing date is extended.

5. Pursuant to Section 363(f) of the Bankruptcy Code, effective upon closing, the sale of the Real Property will vest in the Buyer(s) all right, title and interest of the Debtor and the bankruptcy estate in the Real Property, free and clear of the liens, claims or interests listed below (collectively, the "Affected Interests"):

    1. Maria and Marlin Stevenson, Debtor, name on deed
    2. Select Portfolio Servicing Inc., as servicer for The Bank of New York Mellon, mortgage lienholder
    3. Tan Real Estate, LLC

6. Unless the holders of the liens, claims or interests identified in paragraph 5 above have agreed to other treatment, or their interest have been stripped under 11 U.S.C § 506(d), their liens, claims or interests shall attach to the proceeds of the sale with the same force, effect, validity and priority that previously existed against the Property.

7. This Order is and shall be effective as a determination that, upon and subject to the occurrence of the closing of the sale, all Affected Interests have been and hereby are adjudged and declared to be unconditionally released as to the Property.

8. The Buyer(s) have not assumed any liabilities of the Debtor(s).

9. The Trustee is authorized to execute any such releases, termination statements, assignments, consents or instruments on behalf of any third party, including the holders of any liens, claims or interests identified in paragraph 5 of this Order, that are necessary or appropriate to effectuate or consummate the sale. Moreover, the Trustee is hereby authorized to execute the purchase agreement, or other related documents that are reasonably necessary or appropriate to complete the sale, and to undertake such other actions as may be reasonably necessary or appropriate to complete the sale.

10. The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro rated as of the closing with respect to the real property included among the purchased assets; and (b) other anticipated closing costs (estimated below):

> Total Sales/Brokers Commission:
> 6% to Keller Williams $6,576.00
> Title Charges: $1,526.28
> Government recording / transfer charges: $768.00
> Other / Debits (i*ncl. carve out to the estate*) $6,702.00

Without further order of the court, the Trustee is authorized to pay closing costs in amounts different than the estimated amounts described above so long as they are within industry standard and do not reduce the carve out to the estate below $5,000.00.

11. Except as otherwise provided in the Motion, the Real Property shall be sold, transferred, and delivered to Buyer(s) on an "as is, where is" or "with all faults" basis.

12. Buyer(s) is/are approved as a buyer(s) in good faith in accordance with Section 363(m) of the Bankruptcy Code, and Buyer(s) shall be entitled to all protections of Section 363(m) of the Bankruptcy Code.

13. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Property to the Buyer(s), (b) resolve any disputes arising under or related to the purchase agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Property.

14. The purchase agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's bankruptcy estate.

15. The 14 day stay period pursuant to Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

Attorney, Arvind Mahendru, Esq., is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order